| | |
|---|---|
| IN RE **ALEX RIVERA DEGLANS, and IRELSY VELAZQUEZ REYES** *Debtors* | CASE NO. CHAPTER **11** |

## APPLICATION FOR EMPLOYMENT OF ATTORNEY FOR DEBTORS

TO THE HONORABLE COURT:

Comes now Debtors and very respectfully allege and pray as follows:

1.      On today's date, the appearing Debtors filed a petition for reorganization under the provisions of Chapter 11 of the Bankruptcy Code.

2.      Debtors are not sufficiently familiar with the law to be able to plan and conduct the proceedings herein without a competent legal counsel.

3.      In selecting such counsel, Debtors have made careful and diligent inquiry into the qualifications and connections of Almeida & Dávila, P.S.C., its principal and associates, and has found said law firm to be duly qualified to represent it in these proceedings by reason of the ability, integrity and professional experience.

4.      Debtors have retained Almeida & Dávila, P.S.C. as its counsel in these proceedings subject to the approval of this Court in accordance to Rule 2014 of the Federal Rules of Bankruptcy Procedure, on the basis of a **$8,880.00** retainer, against which the law firm will bill on the basis of $175.00 per hour, for work performed or to be performed by Enrique M. Almeida Bernal, Esq., or by Zelma Dávila Carrasquillo, Esq., plus expenses, and $75.00 for paralegals, upon application(s) and the approval of the Court. These rates are considered to be reasonable and fair, in line with services comparable to those performed or to be performed on behalf of other clients. Upon the exhaustion of the retainer, the billing will continue as aforestated and any compensation will be processed through the pertinent applica-tion(s) to be filed with the Court.

5.      Almeida & Dávila, P.S.C. is a disinterested person as defined in 11 USC sec. 101(14), since it and its members:

(a)      Are not Debtors' creditors, equity security holders or insiders;

(b)      Are not and were not, within two years before the date of the filing of the petition, directors, officers or employees of the Debtors.

(c)      They do not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors.

6.      Almeida & Dávila, P.S.C. and its members have no prior connections with the Debtors, its officers, directors and insiders, any creditor or other party in interest, their respective attorneys and accountants, the United States Trustee or any person employed in the office of the United States Trustee.

7.      The Bankruptcy Code, 11 U.S.C. §327(a) provides that:

(a) Except as otherwise provided in this section, the trustee[1], with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

(c) In a case under chapter 7, 12, or 11 of this title, a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor or the United States trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest.

8.      This section authorizes Debtors-in-possession, subject to the Court's approval, to employ professional persons, such as attorneys, accountants, appraisers, auctioneers, engineers and accountants, to represent or perform services for the estate.  House Report Number 95-595, 95th. Congress, First Sess. (1977) 328.

---

[1] To be understood as Debtors-in-possession.

9.      11 U.S.C. §328(a) provides:

"The trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis. Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions."

10.     In compliance with 11 U.S.C. §§ 327, 329, and 504(b)(1) and Rules 2014 and 2016(b) of the Federal Rules of Bankruptcy Procedure, a certificate executed by Enrique M. Almeida Bernal, Esq., principal of Almeida & Dávila, P.S.C., is accompanied with this Application. The *Curriculum Vitae* of Attorney Enrique M. Almeida-Bernal is also accompanied with this application in compliance with PR LBR 2014-1 (a). ***Exhibits 1** and **2.***

WHEREFORE, it is respectfully requested that this Court enters an order allowing Almeida & Dávila, P.S.C., to represent Debtors in the instant case, under the terms and conditions listed above.

San Juan, Puerto Rico, this March 14th, 2011.

*S/ALEX RIVERA DEGLANS,*                *S/ IRELSY VELAZQUEZ REYES*
ALEX RIVERA DEGLANS,                    *IRELSY VELAZQUEZ REYES*
HACIENDA DE CANOVANAS                    HACIENDA DE CANOVANAS
41 GAVIOTA STREET                        41 GAVIOTA STREET
Canovanas, PR 00729                      Canovanas, PR 00729

## NOTICE TO PARTIES IN INTEREST

Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the US

Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Office of the United States Trustee and to all CM/ECF participants.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this March 14th, 2011.


**ALMEIDA & DÁVILA, P.S.C.**
PO Box 191757
San Juan, PR  00919-1757
Phone:  (787) 722-2500
Fax:  (787) 722-2227

S/**ENRIQUE M. ALMEIDA BERNAL**
USDC-PR 217701
Email:  ealmeida@almeidadavila.com

S/ **ZELMA DÁVILA CARRASQUILLO**
USDC-PR 218913
Email: zdavila@almeidadavila.com

EXHIBIT 1

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | CASE NO. |
| **ALEX RIVERA DEGLANS, and IRELSY** | |
| **VELAZQUEZ REYES** | CHAPTER 11 |
| Debtors | |

### CERTIFICATION OF PROPOSED ATTORNEY FOR DEBTORS

I, ENRIQUE M. ALMEIDA BERNAL, do hereby certify under penalty of perjury that to the best of my knowledge, information and belief the following is true and correct:

1.      I am an attorney, counselor-at-law, and principal of ALMEIDA & DÁVILA, P.S.C., fully admitted to practice in the Commonwealth of Puerto Rico and in this Court.

1.      Said law firm maintains an office for the practice of law at The Hato Rey Center, 268 Ponce de León Avenue, Suite 1116, San Juan, Puerto Rico, 00918, with postal address at P.O. Box 191757, San Juan, Puerto Rico, 00919-1757; Tel. (787) 722-2500; Fax No. (787) 722-2227.

2.      As of **January 28th, 2011**, ALMEIDA & DÁVILA, P.S.C., agreed to represent the Debtors in these proceedings, as more particularly set forth in Debtors' application for appointment of attorney, subject to the approval of this Court.

3.       To the best of my knowledge, the members of Almeida & Dávila, P.S.C., are disinterested persons, as defined in 11 U.S.C. §101(14) since neither its principals, nor any other person associated with the firm:

(A)      Are Debtors' creditors, equity security holders or insiders.

(B)      They were not and are not within 2 years before the date of the filing of Debtors' petition, directors, officers or employees of the Debtors.

(C)     They do not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or for any other reason.

(D)     They are not investment bankers for any outstanding security of the Debtors. Nor have then been within three years before the date of the filing of the petition, an investment banker for a security of the Debtors or an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the Debtors.

(E)     They are not nor have then within two years before the date of the filing of the petition, been an employee of the Debtors or of an investment banker of the Debtors.

5.     Neither I nor my firm holds or represent any interest adverse to the estate of the above-named Debtors. To the best of my knowledge, Almeida & Dávila, P.S.C., has no other prior connections with Debtors, its officers, directors and insiders, any creditor, or other party in interest, their respective attorneys and accountants, the United States Trustee or any person employed in the office of the United States Trustee.

6.     The compensation to Almeida & Dávila, P.S.C., promised to the stated law firm shall be from such funds as may be available to Debtors and to which Debtors may be legally entitled.

7.     The Debtors have retained Almeida & Dávila, PSC, as its attorneys in these proceedings subject to the approval of this Court in accordance to Rule 2014 of the Federal Rules of Bankruptcy Procedure, on the basis of a $**8,880.00** retainer, against which Almeida & Dávila, PSC will bill on the basis of $175.00 per hour, for work performed or to be performed by Enrique M. Almeida Bernal, Esq., or by Zelma Dávila Carrasquillo, Esq., plus expenses, and $75.00 for paralegals, upon application(s) and the approval of the Court; rates which are considered to be reasonable and fair, in line with services comparable to those performed on behalf of other clients. Upon the exhaustion of the retainer, the billing will continue, as

aforestated and any compensation will be processed through the pertinent application(s) to be filed with the Court.

       8.      There are no agreements on the part of Almeida & Dávila, P.S.C., for the sharing of any compensation or reimbursement received or to be received under 11 U.S.C. §§330(a) and 503(b)(2), or otherwise in connection with this case, nor will it share in any such compensation or reimbursement received by another person under such sections, except customary payments to members, partners and regular associates of the firm.

       9.      I will amend this statement immediately upon learning that (a) any of the representations made herein are incorrect, or (b) there is any change of circumstances relating thereto.

       10.      I have reviewed the provisions of Local Bankruptcy Rule 2016-1.

       11.      I declare under penalty of perjury that the foregoing is true and correct, as provided in 28 U.S.C. sec. 1746.

       In San Juan, Puerto Rico, this March 14th, 2011.


**ALMEIDA & DÁVILA, P.S.C.**
PO Box 191757
San Juan, PR  00919-1757
Phone:  (787) 722-2500
Fax:  (787) 722-2227

S/ **ENRIQUE M. ALMEIDA BERNAL**
USDC-PR 217701
Email:  ealmeida@almeidadavila.com

*S/* **ZELMA DÁVILA CARRASQUILLO**
USDC-PR 218913
Email: zdavila@almeidadavila.com



EXHIBIT 2

PO Box 191757          Telephone (787) 722-2500
San Juan, PR 00919-1757   Fax (787) 722-2227
                          ealmeida@almeidadavila.com

# ENRIQUE M. ALMEIDA-BERNAL, ESQ.

| | |
|---|---|
| **ADMISSIONS** | Admitted to practice before the Courts of Puerto Rico, the United States District Court for the District of Puerto Rico and the United States Court of Appeals for the First Circuit. |

Notary Public in Puerto Rico.

**EDUCATION**

Inter American University School of Law     1997-2000
  Juris Doctor *Cum Laude*

  Inter American University Law Review
    Editor-In-Chief 1999-2000
    Staff Member 1998-1999
  The National Dean's List
  Who's Who Among American Law Students

University of Puerto Rico, Rio Piedras Campus     1991-1996
  Bachelors in Arts, Political Science

**EXPERIENCE**

**Almeida & Dávila, P.S.C.**     July 2004-Present
                                 *Partner and Owner*
Responsible for representing debtors in Consumer, Business, and Corporate Bankruptcy Cases.

Resposible for managing, litigating, negotiating, and settling real estate, construction law, land-use, surety law, arbitration, and construction related disputes. Responsible for providing legal advise regarding corporate and real estate commercial transactions.

**Puerto Rico Board of Medical Examiners**     2004-2006
*(Tribunal Examinador de Médicos)*     *Contract Attorney*

Responsible for investigating and representing the agency in administrative adjudicative proceedings with regards to complaints against physicians. Conducted investigations regarding educational matters with regards to physicians and candidates to obtain the medical license in Puerto Rico. Handled cases regarding educational matters of institutions providing medical courses and curriculum.

**San Juan Board of Realtors**     2003-2005
*Associate Professor*
Instructing Legal Aspects and Condominium Law Courses.

**Berrios & Longo, P.S.C.**                     **2001- 2004**
*Associate Attorney*

Responsible for managing, litigating, negotiating, and settling construction claims, lenders' liability cases, collection and construction claims on behalf and against sureties and insurance companies, and civil commercial cases before the Puerto Rico Court of First Instance, the Puerto Rico Circuit Court, the Supreme Court of Puerto Rico, and the United States District Court for the District of Puerto Rico. Conducted appellate practice and administrative litigation concerning land development, construction permits, and bid procurement. Conducted litigation before the Puerto Rico Federal Bankruptcy Court. Conducted notarial practice.

**CONTINUED LEGAL EDUCATION**

"Bankruptcy Law Update" offered by the Puerto Rico Bankruptcy Bar Association, February 2008.

"Resumen de Jurisprudencia Notarial" offered by the Puerto Rico Bar Association, November 2007.

"El Procedimiento de Expropiación Forzosa Vis a Vis Las Partes con Interés y el Interés de las partes" offered by the Inter American University School of Law, February 2007.

"Aspectos Prácticos en la Formación, Redacción y el Otorgamiento de un Instrumento Público" offered by the Puerto Rico Bar Association, November 2006.

"Simposio de Derecho Probatorio y Litigación: Práctica Forense en Procedimientos No Plenarios" offered by the Inter American University School of Law, May 2006

"Winning Before Trial: The Ten Keys to Winning Depositions" offered by Inter American University, School of Law, February 2006.

"Jurisdicción Voluntaria Notarial" offered by the Puerto Rico Bar Association, November 2005.

"Advocacy Training Program: Arbitration, Mediation, Witness Examination, Depositions and Summary Judgments" offered by the United States District Court for the District of Puerto Rico, the Federal Bar Association, and the National Institute of Trial Advocacy, October 2005.

**ASSOCIATIONS**

Puerto Rico Bar Association
Puerto Rico Bankruptcy Bar Association
Puerto Rico Association of Notaries